IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JAMES H. ANDERSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-168 |
| | ) | |
| RICHMOND COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff commenced the above-captioned case pursuant to 42 U.S.C. § 1983 and is proceeding *pro se* and *in forma pauperis*. On December 15, 2015, the Court ordered Plaintiff to amend his complaint to correct certain pleading deficiencies. (Doc. no. 12.) Plaintiff submitted an amended complaint, but because it was unclear whether Plaintiff was seeking relief pursuant to 42 U.S.C. § 1983 or attempting to petition for habeas corpus relief, the Court ordered Plaintiff to amend his complaint again. (Doc. nos. 14, 17.) Plaintiff submitted a second amended complaint and indicated he was seeking relief under 42 U.S.C. § 1983. (Doc. no. 18, p. 5.) Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

## I. SCREENING OF THE AMENDED COMPLAINT

### A. BACKGROUND

Plaintiff names the following Defendants: (1) Richmond County Jail; (2) the Charles B. Webster Detention Center; (3) Judge Flythe; (4) Sentinel Offender Services; (5) John Clymer; (6) Judge Brown; (7) Lee Prescott; (8) State Court of Richmond County; (9) Augusta Judicial Circuit Public Defender's Office; and (10) Major Leverett. (Doc. no. 18.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On May 28, 2015, Richmond County Superior Court Judge C. Brown sentenced Plaintiff to twelve months incarceration, but later changed the sentence to fourteen months. (Id. at 5.) Plaintiff alleges the Richmond County Jail, Major Leverett, and the Charles B. Webster Detention Center are liable for his false imprisonment. Plaintiff further alleges Clerk of Court Elaine C. Johnson, Cathy Jones, Major Leverett, and Captain Reeves refused to provide him with any transcripts of his hearing and "denied allowance to let felony time override misdemeanor time." (Id. at 5-6.) Plaintiff claims the Public Defender's Office and Assistant Public Defender Lee Prescott are liable for "improper representation." (Id. at 6.) Plaintiff contends his probation was wrongfully revoked by Richmond County State Court Judge Flythe on the recommendation of John Clymer and Sentinel Offender Services, and argues his prison term was served from August 2013 to February 2014. (Id.) Plaintiff demands $10 million in damages. (Id. at 7.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"

3

Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. All of Plaintiff's Claims as to All Defendants Are Barred Under Heck v. Humphrey.

All of Plaintiff's claims as to all Defendants are barred under Heck v. Humphrey, in which the Supreme Court held that when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven. 512 U.S. 477, 486-87 (1994); see also Harden v. Pataki, 320 F.3d 1289, 1301 (11th Cir. 2003) (extending Heck to parole revocation challenges); Cobb v. Florida, 293 F. App'x 708, 709 (11th Cir. 2008) (holding district court correctly dismissed § 1983 complaint where necessary implication of granting relief would be finding revocation of probation invalid). In Heck, the Supreme Court further explained, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. 520 U.S. at 487. In short, a claim for monetary damages that challenges a plaintiff's incarceration is not cognizable under 42 U.S.C. § 1983. Id. at 483.

4

Here, Plaintiff claims he is falsely imprisoned, his sentence was illegally modified, his probation was wrongfully revoked, he was denied access to transcripts, and his public defender is liable for improper representations. (Doc. no. 18, pp. 5-8.) Were these claims resolved in Plaintiff's favor in this Court, the outcome would inevitably undermine the state convictions. Vickers v. Donahue, 137 F. App'x 285, 290 (11th Cir. 2005). Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Accordingly, all of Plaintiff's claims are barred under Heck. Even if Heck does not apply, Plaintiff is not entitled to relief for the following additional reasons.

### 3. Even if Heck Does Not Apply, Plaintiff Fails to State a Claim Against Any Defendant.

#### a. Judges Brown and Flythe are Entitled to Absolute Immunity.

Plaintiff's allegations against Judge Brown and Judge Flythe fail to state viable § 1983 claims because, as judges, they are entitled to absolute immunity. It is well-settled that judicial officers are entitled to absolute immunity for "actions taken . . . within the legitimate scope of judicial authority." Rehberg v. Paulk, 132 S. Ct. 1497, 1503 (2012); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) ("[A] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"). Thus, the Court must determine whether Judge Brown and Judge

5

Flythe were dealing with Plaintiff in a judicial capacity and whether the conduct alleged clearly fell outside their subject matter jurisdiction. See id. at 359-64.

As Plaintiff makes no allegation Judge Brown and Judge Flythe acted in the clear absence of all jurisdiction, the Court must consider whether their actions were of the type normally performed by judges. Patterson v. Aiken, 628 F. Supp. 1068, 1072 (N.D. Ga. 1985), *aff'd*, 784 F.2d 403 (11th Cir. 1986). Plaintiff alleges Judge Brown wrongfully changed his sentence, and Judge Flythe wrongfully revoked his probation. Modification of a sentence is an activity of a type usually performed by a judge and so is revocation of parole. See Mauldin v. Burnette, 89 F. Supp. 2d 1371, 1378 (M.D. Ga. 2000) ("modifying . . . sentences is a 'normal judicial function.'"). Accordingly, Judge Brown and Judge Flythe are entitled to absolute immunity, and Plaintiff's allegations against them fail to state a claim upon which relief may be granted.

      **b.      Defendants John Clymer and Sentinel Offender Services are Immune from Suits Seeking Damages Under § 1983.**

Plaintiff alleges John Clymer and Sentinel Offender Services are liable because they recommended Plaintiff's probation be revoked. (Doc. no. 18, p. 6.) Defendant Sentinel Offender Services, LLC ("Sentinel") is a privately owned, limited liability company that provides probation supervision services to courts in Georgia. Sentinel operates pursuant to O.C.G.A. § 42-8-100, which authorizes the chief judge of any county or municipal court to enter into written contracts with private corporations to provide probation supervision, counseling, and collection services for persons placed on probation. McGee v. Sentinel Offender Servs., LLC, No. CV 110-054, 2011 WL 10067985, at *1 (S.D. Ga. Aug. 26,

2011), aff'd, 719 F.3d 1236 (11th Cir. 2013).

"The Supreme Court has interpreted § 1983 to give absolute immunity to functions intimately associated with the judicial process." Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005). Parole and probation officers acting at the direction and within the scope of their duties to the Court are entitled to immunity from civil suits seeking damages. See Hughes v. Chesser, 731 F.2d 1489 (11th Cir. 1984) ("We hold that a probation officer is [immune from a civil suit for damages] when preparing and submitting a presentence report in a criminal case."); Holmes, 418 F.3d at 1258 ("[P]arole officers enjoy immunity for testimony given during parole revocation hearings when they act within the scope of their duties.")

Here, Defendants John Clymer and Sentinel Offender Services were acting at the direction of the Court, within the scope of their duties when they recommended revocation of Plaintiff's probation. Accordingly, Plaintiff fails to state a claim under § 1983 against these Defendants as they are entitled to immunity.

### c. Plaintiff Fails to State a Viable Claim for Denial of Access to the Courts.

Plaintiff alleges Clerk of Court Elaine C. Johnson, Cathy Jones, the Charles B. Webster Detention Center, Major Leverett, and Captain Reeves refused to provide him with transcripts of Plaintiff's court proceedings. (Doc. no. 18, p. 5.) Plaintiff has no stand-alone constitutional right to obtain copies of the transcripts from his state court criminal case, and such a denial would only give rise to a constitutional violation if his inability to obtain the transcripts prevented him from exercising his constitutional right of access to the courts.

Maron v. Schopen, 2001 WL 34376851, at *3 (W.D. Wis. May 21, 2001) (citing Hoard v. Reddy, 175 F.3d 531, 533-34 (7th Cir. 1999)); see also Bure v. State Atty. Gen. 2010 WL 1524376, at *3 (S.D. Fla. March 26, 2010) ("There is no constitutional right to either a free transcript or copies of multiple docket sheets.").

To state a viable denial of access claim, a plaintiff must allege actual injury to existing or contemplated litigation or nonfrivolous (and therefore viable) claims challenging Plaintiff's sentence or conditions of confinement. Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998); see also Lewis v. Casey, 518 U.S. 343, 349-55 (1996). There must be evidence of deterrence of a nonfrivolous claim "such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." Wilson, 163 F.3d at 1290-91. Stated otherwise, there must be an allegation that the actions of a defendant acting under the color of state law "hindered . . . 'efforts to proceed with a legal claim in a criminal appeal, post-conviction matter, or civil rights action seeking to vindicate basic constitutional rights.'" Id. at 1291 (quoting Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996)).

Here, Plaintiff has not alleged his inability to obtain the transcripts prevented him from gaining access to the courts. Plaintiff has not alleged actual injury to any existing or contemplated litigation or viable claims challenging his sentence or conditions of confinement. Consequently, Plaintiff has not demonstrated the alleged deprivation of transcripts deprived him of any rights, privileges, or immunities secured by the Constitution and laws, and he fails to state a viable denial of access to the courts claim under § 1983.

### d. Defendant Prescott is Not Subject to Liability in a § 1983 Action.

The Court finds Plaintiff has failed to state a claim against Defendant Prescott because he did not act under color of state law for the purposes of 42 U.S.C. § 1983. The Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the *alleged deprivation was committed by a person acting under color of state law*." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted) (emphasis added). Traditionally, acting under color of state law "requires that the defendant in a § 1983 action have exercised power possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id. at 49 (internal quotation marks and citation omitted). "It is well settled . . . that an attorney, whether court-appointed or privately retained, does not qualify as a state actor for purposes of § 1983 liability." Barnette v. Ernst, CV 407-020 (S.D. Ga. Apr. 23, 2007) (Moore, J.) (citing Polk County v. Dodson, 454 U.S. 312, 318 & n.7 (1981) (finding lawyer representing client was not, "by virtue of being an officer of the court, state actor 'under color of state law' within the meaning of § 1983")); see also Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (holding private attorney retained to represent criminal defendant was not acting under color of state law).

By representing Plaintiff in his criminal case, Defendant Prescott was simply acting in accordance with his role as counsel to a defendant in a criminal proceeding and thus is not a "person acting under color of state law" under § 1983. Therefore, Plaintiff's allegations against Defendant Prescott fail to state a claim upon which relief may be granted.

### e. Plaintiff Fails to State a Claim Against the Augusta Judicial Circuit Public Defender's Office and the State Court of Richmond County.

As to Plaintiff's claim against the Augusta Judicial Circuit Public Defender's Office and the State Court of Richmond County, it is well-settled that litigants seeking relief under § 1983 must file suit against a "person" or entity capable of being sued. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). Several courts, including district courts within the Eleventh Circuit, have held that county public defender's offices and state courts are not "persons" or entities that may be sued under § 1983. See Johnson v. Georgia, Nos. 7:07-CV-l 19 & 6:06-CV-49, 2007 WL 2594177, at *2 (M.D. Ga. 2007); Williams v. Scott, No. 1:06-CV-123-MP-AK, 2007 WL 1064068, at *2 (N.D. Fla. 2007); Stackhouse v. City of East Orange, No. 07-5502, 2008 WL 4852680, at *5 (D.N.J. 2008); See also Andrade v. State Court of Richmond Cty., No. CV 112-104, 2012 WL 4059976, at *2 (S.D. Ga. Aug. 23, 2012), report and recommendation adopted, No. CV 112-104, 2012 WL 4059974 (S.D. Ga. Sept. 14, 2012) ("As to Plaintiff's claims against the State Court of Richmond County, it is well-settled that a state court is not a 'person' subject to suit under § 1983.")

As Defendants Augusta Judicial Circuit Public Defender's Office and the State Court of Richmond County may not be sued under § 1983, claims against these Defendants fail to state a valid claim under § 1983.

### f. Plaintiff Fails to State a § 1983 Claim Against Defendants Richmond County Jail and the Charles B. Webster Detention Center.

Defendants Richmond County Jail and Charles B. Webster Detention Center are not subject to liability in a § 1983 suit because jails and prisons are not legal entities subject to liability. See, e.g., Smith v. Chatham Cty. Sheriff's Dep't, No. CV 412-224, 2012 WL 5463898, at *2, (S.D. Ga. Oct. 22, 2012) ("[T]he [county jail] is not a legal entity capable of being sued"); Sebastian v. Maynard, No. 5:10-CV-221, 2010 WL 3395040, at *2 (M.D. Ga. July 12, 2010) (holding that county detention center "is not a legal entity that is subject to suit under 42 U.S.C. § 1983"); Bolden v. Gwinnett Cty. Det. Ctr. Med. Admin. Med. Doctors, No. 1:09-CV-1966, 2009 WL 2496655, at *1 (N.D. Ga. Aug. 12, 2009) ("Jails . . . are not legal entities subject to suit under § 1983 at all."). Thus, these Defendants are not subject to liability in a § 1983 suit and must be dismissed from this action.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of August, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA